UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| In re: | |
|---|---|
| USA SPRINGS, INC., | Case No. 08-11816 (JMD) |
| Debtor.[1] | Chapter 11 |

Hearing Date: May 20, 2011
Hearing Time: 9:00 a.m.

**MOTION FOR ORDER (I) AUTHORIZING MODIFICATION OF CHAPTER 11
PLAN PRIOR TO CONFIRMATION WITH RESPECT TO POTENTIAL NEW
TRANSACTION, AND (II) GRANTING THE DEBTOR AN ADDITIONAL THIRTY
DAYS RELATED TO SUCH TRANSACTION**

USA Springs, Inc., a Delaware corporation, as a debtor and debtor-in-possession (the

"Debtor"), respectfully submits this motion (the "Motion") seeking an order (i) subject to the

plan confirmation process, authorizing the Debtor to modify the Fourth Amended Plan of USA

Springs, Inc. and Related Entities Under Chapter 11 of the Bankruptcy Code dated October 8,

2010 [Doc No. 489] (the "Current Plan") for the purpose of replacing it with the Debtor's Fifth

Amended Plan to be filed by the Debtor as set forth herein (the "Modified Plan"); and (ii)

granting the Debtor at least thirty (30) days for the filing of the appropriate pleading(s) related to

the Deposit to facilitate the Transaction (both as defined below). The Debtor's counsel has

discussed the filing of this Motion with counsel to Roswell Commercial Mortgage, LLC

("Roswell") and counsel to the committee of unsecured creditors (the "Committee").[2] The

Debtor requests that the Court hear this Motion on **May 20, 2011**, the currently scheduled

---

[1] The Debtor related entities are: USA Springs, Inc., a New Hampshire corporation; Garrison Place Real Estate Investment Trust; Just Cause Realty Trust; and Sweet Review Realty Trust.

[2] The Debtor is prepared to introduce evidence at the hearing on May 20, 2011 solely for the purposes of providing the Court with the basis to support the granting of additional time to facilitate the Transaction with Malom and not for any substantive finding.

hearing date on the Current Plan. In support of this Motion, the Debtor respectfully states as follows:

## Relevant Background

1.     On June 27, 2008, the Debtor filed its voluntary petition for relief in the United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court") under Chapter 11 of 11 U.S.C. §§ 101 et seq. The office of the United States Trustee has approved the Committee on July 15, 2008, as reconstituted or changed on June 24, 2009.

2.     The Debtor filed its second amended disclosure statement with the Court on July 30, 2010 (the "Disclosure Statement"). The Court entered an order approving the Disclosure Statement also on July 30, 2010.

3.     On October 7, 2010, the Court entered an Order Granting Debtor's Oral Motion for an Order Approving Supplemental Notice and Voting Procedures Relating to Debtor's Fourth Amended Plan of Reorganization setting October 20, 2010 as the deadline for voting on and objecting to confirmation of the Current Plan.

4.     On October 8, 2010, the Debtor filed the Current Plan which is the Fourth Amended Chapter 11 plan.

5.     The Debtor's creditors that are entitled to vote have accepted the Current Plan except for Roswell that did not vote to accept the Current Plan.

6.     After the initial confirmation hearing on October 21, 2010, the Court continued the confirmation hearing on the Current Plan with respect to feasibility issues. A continued confirmation hearing is scheduled for May 20, 2011.

7.     The potential lenders under the Current Plan have, among other things, defaulted and failed to provide the Debtor with a definitive closing date in order to facilitate confirmation

of the Current Plan. As a result, the Debtor as is permitted under the Current Plan has been in negotiations with other parties with respect to facilitating confirmation of the Current Plan.

## Jurisdiction

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

9.      Venue of this proceeding and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

10.     The statutory predicates for the relief sought herein are sections 105(a) and 1127 of the Bankruptcy Code, and Rule 3019(a) of the Federal Rules of Bankruptcy Procedure.

## Potential New Transaction

11.     The Debtor has reached an agreement with Malom Group AG, a Switzerland Corporation ("Malom") in connection with a transaction involving funding of a certain US $60 Million debt offering to be made in the form of structured note(s) (the "Structured Note") that is to be underwritten and thereafter privately placed to subscribers by Malom (the "Transaction"). Malom, in addition to conducting and becoming satisfied as to its due diligence, has (i) executed a letter of understanding with the Debtor; (ii) prepared and/or reviewed all related documentation to implement the transaction; (iii) provided the Debtor with information pertaining to its bank accounts, personnel references of its personnel, transaction history and other requested details by the Debtor, which information the Debtor has, with Malom's assent, provided to the Committee and Roswell.

12.     However, in order for Malom to underwrite, credit enhance and securitize the Structured Note; cause the Structured Note to be listed on a Western European exchange; and privately place the Structured Note to subscribers with whom it enjoys pre-existing relationships,

it is necessary for a third party to invest and deposit US $2,400,000.00 (the "Deposit") to be used

for the due diligence and associated costs for the scope of duties Malom will perform for the

Debtor in furtherance of the Transaction. Malom has also agreed to (i) refund the entire Deposit

plus an additional $100,000.00 to the Investor if the Transaction is not consummated; and (ii)

provide the investor with a bank statement from one of its bank accounts evidencing its ability to

repay the Deposit and interest and a letter from Malom and its counsel confirming that such

account will continue to hold funds sufficient to repay the Deposit if the transaction does not

generate sufficient funds for the Debtor to meet its obligations under the Plan.

        13.     As noted, the Debtor and Malom have executed a certain Letter of Understanding

negotiated by their respective counsel, dated as of April 22, 2011, regarding the Transaction (a

copy of which has been provided to counsel to Roswell and the Committee).

        14.     A summary of the material terms related to the Malom Transaction is set forth as

follows:[3]

| *General Terms/ Transaction* | Subject to the satisfaction of certain conditions, Malom will underwrite a certain US$60 Million debt offering to be made by the Debtor in the form of the Structured Note and to be privately placed to subscribers.<br><br>In the event Malom is not successful in fully subscribing the offering and the amount to be subscribed to is less than $60,000,000, the Debtor in its sole discretion may agree that such partial subscription is sufficient to satisfy the Debtor's intended purpose in accordance with the terms of the applicable transaction documents. |
|---|---|
| *Deposit Requirement* | Upon approval of the Bankruptcy Court and acceptance of the initial funding commitment mentioned below, the Deposit will be transferred to Malom's counsel and as further set forth in the applicable transaction documents. |
| *Commitments* | Within 10 days after execution of certain initial transaction documents, |

---

[3] This summary of material provisions of the Transaction is intended solely to give the Court and interested parties
an overview of the material terms. Interested parties should refer to the applicable transaction documents for the
complete terms thereof. To the extent that any inconsistency exists between this Motion and such transaction
documents, the transaction documents shall control.

| | |
|---|---|
| | Malom will issue its initial funding commitment. Within 55 days after Malom receives the Deposit, (i) any required feasibility studies and proposed offering memorandum shall be completed by Malom, (ii) a commitment for any credit enhancement as a financial guarantee shall be secured by Malom, (iii) full subscription of the offering shall be completed, and (iv) the Debtor shall receive a final commitment from Malom supported by the subscription agreements received at the time from the subscribers which, among other things, shall summarize status of the sale of the Structured Note and the remaining steps before funding. |
| *Interest* | Not to exceed 420 basis points over comparable maturing United States Treasuries to be fixed at the time of initial issuance of the Structured Note to the subscribers. Interest to be paid annually in arrears with balloon payment of principal at maturity of the Structured Note. |
| *Term/ Maturity* | 5 years |
| *Equity* | The Modified Plan will disclose any equity interests to be issued by the Debtor to third parties in connection with the Transaction. |
| *Malom Fees* | Success Fee: 1.5% of the maturity face value of the Structured Note sold. Origination Fee: Not to exceed 3.0% of the principal funding amount to be fixed at the time of initial issuance of the Structured Note to the subscribers. Underwriting Fee: $2,400,000.00 to be paid in accordance with the terms and conditions set forth in the applicable transaction documents. |
| *Other Fees and Costs* | The investor agreement to be separately approved by the Court and the Modified Plan will provide for the investment return to be paid to the third party investor in connection with consummation of the Transaction. The Modified Plan will also disclose any additional amounts to be paid to third parties in connection with the Transaction. |
| *Closing Date* | The closing date shall be about 90 days after Malom receives the Deposit. |

15.    Certain initial transaction documents have been made available by the Debtor's professionals to counsel to the Committee and counsel to Roswell on a confidential basis. The Debtor has and will share, at its option, such documents with other interested parties-in-interest

and potential investors who first provide the Debtor with proof of funds after execution of confidentiality agreements.

## The Investor

16.     The Debtor has commenced negotiations with several interested investors who have provided the Debtor with proof of funds (or whom the Debtor has previously established the ability to advance such funds). The Debtor has received a proposal which it is evaluating to determine whether it can satisfy the conditions requested by the investor. The Debtor is also meeting with and evaluating other potential proposals.

## Relief Requested

17.     By this Motion, the Debtor respectfully requests entry of an order (i) subject to the plan confirmation process, authorizing the Debtor to modify the Current Plan as set forth herein; and (ii) granting the Debtor an extension of at least thirty (30) days for the filing of the appropriate pleading(s) related to the Deposit to facilitate the new Transaction.

18.     As requested by the Committee, the Debtor will file a separate motion before the hearing on May 20, 2011 for a stay of the adversary proceeding, Adv. Pro. No. 10-1070 (JBH),[4] filed by the Committee and all related deadlines to facilitate the Debtor's efforts in connection with the Transaction and the Modified Plan.

---

[4] The caption for the adversary proceeding filed by the Committee, pending with Judge James B. Haines, is: USA Springs, Inc. (*Plaintiff*) v. USA Springs, Inc., a Delaware Corporation; USA Springs, Inc., a New Hampshire Corporation; Garrison Place Real Estate Investment Trust; Just Cause Realty Trust; Sweet Review Realty Trust; George Tombarello; William Gianopoulos; Cynthia Gianopoulos; Brett Gillespie; Stephanie Gillespie; Esther F. Nassar Revocable Trust; Nassar Family Trust; Joseph G. Nassar Revocable Trust; Armand Hyatt; Shareforce Cooperative Trust; Donald Willey; Robert Pulcinella; Joseph Curcio; Keith Guilmette; Thomas Porter; Marco Rotondo; Francesco Rotondo; Thomas Swanson; Jerry Crouteau; Kathy McLaughlin; and Roswell Commercial Mortgage, LLC (*Defendants*).

## A.    *Modifications of the Current Plan*

19.    The proposed modifications, in addition to other clarifications, will include the

following:

(a)    Implementation of the Modified Plan will be based on consummation of the Transaction with Malom, as opposed to the financing transactions contemplated under the Current Plan.

(b)    The Debtor will seek to accommodate Roswell's requests regarding, among other things, (i) additional interest payments of 4.5% on the claim amount of $9.85 Million from January 15, 2011, (ii) releases by the Debtor, the Committee and any Chapter 7 trustee as of the effective date of the Modified Plan, and (ii) certain release or injunction against any claim by Lower Falls Funding, LLC ("Lower Falls")[5] and any related person or entity.

(c)    Distribution to certain non-shareholder trade creditors will be increased from 84% to 100% which would be made possible by certain creditors that are friendly to the Debtor (the "Deferral Creditors") consenting to the deferral or reduction of payments as discussed below.

(d)    The Debtor expects to receive consents of the Deferral Creditors to accommodate the interest payments to Roswell and increase the distributions to certain non-shareholder trade creditors. As a result, the potential distributions to such Deferral Creditors under the Modified Plan may be less than what was anticipated under the Current Plan.

(e)    As another source of recovery, the Modified Plan will include a lawsuit to be filed against Lower Falls and Bet-J Capital, LLC and all related persons and entities, including Lower Falls' principal and guarantor, David Mazzeo, in connection with, among others, breach of certain loan commitment documents.[6] Any recovery from such lawsuit will first be used to repay in full the third party that made the deposit available to the Debtor for the Lower Falls transaction, and second for distributions to the Deferral Creditors.

20.    A separate motion will be filed with the Court with respect to the investor

agreement to be entered into between the Debtor, Malom and the third party investor making the

Deposit available.  Such separate pleading will seek (i) authority to return the Deposit to the

---

[5] Lower Falls was one of the potential lenders with respect to the Current Plan.  Upon information and belief, Lower Falls and its principal through their counsel and in writing have alleged claims against Roswell with respect to statements made by Roswell regarding Lower Falls.

[6] On May 17, 2011, the Debtor granted the Debtor's Motion for Order (A) Authorizing the Debtor to Borrow $137,500.00 From Third Party Under Section 364(c)(2) and (3) of the Bankruptcy Code in Connection With Certain Loan Commitment, and (B) Granting Certain Non-Priming Lien Protections to Such Third Party.

investor and pay an investment return[7] at closing of the Transaction without further order of this Court, and (ii) approval of any additional terms and conditions that may be required by such investor.

21.     The Debtor will file the Modified Plan after completion of the negotiations with third party investor(s) for the Deposit and approval by the Court of the investor agreement, which will cause the release of the initial commitment from Malom to the Debtor.

22.     The Debtor states that the Modified Plan will not adversely change the treatment of creditors' claims without consent. In fact, the Debtor states that the proposed modification provides a more favorable treatment to creditors. The Debtor expects that creditors will support confirmation of the Modified Plan.

***B.     Additional Time Is Necessary***

23.     As discussed above, implementation of the Modified Plan will be based on the consummation of the Malom Transaction which requires the Deposit. The Debtor believes that it will be able to finish its negotiations with interested third party investors for such Deposit within 30 days and, therefore, requests such additional time.

24.     Both counsel to the Committee and counsel to Roswell have consented to such request for additional time.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the Motion and such other relief as may be just and proper.

---

[7] In order to incentivize potential investors to act promptly, the Debtor is prepared to pay a substantial success fee (subject to notice and pre-approval by the Court) and/or certain shares of stock to be delivered at closing.

Dated: May 18, 2011

Respectfully submitted,

USA Springs, Inc.
By its attorneys

_/s/ Alan L. Braunstein_
Alan L. Braunstein (BNH 01544)
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
abraunstein@riemerlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re:

USA SPRINGS, INC.,

Debtor.[1]

Case No. 08-11816 (JMD)

Chapter 11

## ORDER GRANTING MOTION FOR ORDER (I) AUTHORIZING MODIFICATION OF CHAPTER 11 PLAN PRIOR TO CONFIRMATION WITH RESPECT TO POTENTIAL NEW TRANSACTION, AND (II) GRANTING THE DEBTOR AN ADDITIONAL THIRTY DAYS RELATED TO SUCH TRANSACTION

Upon the motion (the "Motion")[2] of USA Springs, Inc., a Delaware corporation, as

debtor-in-possession (the "Debtor") for an order (i) subject to the plan confirmation process,

authorizing the Debtor to modify the Debtor's Fourth Amended Plan of USA Springs, Inc. and

Related Entities Under Chapter 11 of the Bankruptcy Code dated October 8, 2010 [Doc No. 489]

(the "Current Plan") as set forth in the Motion; and (ii) granting the Debtor an extension of at

least thirty (30) days for the filing of the appropriate pleading(s) related to the Deposit to

facilitate the Transaction with Malom Group AG, a Switzerland Corporation ("Malom"); it

appearing that the relief requested by the Motion is necessary and in the best interest of the

Debtor, its estate and its creditors; and due notice having been given; and sufficient cause

appearing therefor; it is hereby

ORDERED, that the Motion is granted; and it is further

---

[1] The Debtor related entities are: USA Springs, Inc., a New Hampshire corporation; Garrison Place Real Estate Investment Trust; Just Cause Realty Trust; and Sweet Review Realty Trust.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Motion.

ORDERED, that the Debtor may modify the Current Plan as set forth in the Motion,

subject to the plan confirmation process; and it is further

ORDERED, that the Debtor shall have until _____, 2011 to file the appropriate

pleading(s) related to the Deposit to facilitate the new Transaction with Malom.


Dated: May ____, 2011


_____
J. Michael Deasy
United States Bankruptcy Judge



1305415.5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

In re:

USA SPRINGS, INC.

Case No. 08-11816 (JMD)

Chapter 11

Debtor.

## CERTIFICATE OF SERVICE

I, Alan Braunstein, of the law firm of Riemer & Braunstein LLP, hereby certify that I have caused a copy of the *Motion for Order (I) Authorizing Modification of Chapter 11 Plan Prior to Confirmation With Respect to Potential New Transaction, and (II) Granting the Debtor an Additional Thirty Days Related to Such Transaction* to be served by Email, first class United States mail, and/ or electronic notification (ECF), as indicated, upon the parties listed on the service list attached hereto and any other party receiving electronic notification in the case.

/s/ Alan L. Braunstein
Alan L. Braunstein (BNH 01544)
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
abraunstein@riemerlaw.com

Dated: May 18, 2010

# USA Springs, Inc., 08-11816
## (Service List)

## Scheduled Creditors:

Aho Construction, Inc.
30 Tricnit Road
New Ipswich, NH  03071-3447

Ms. Annibale Todesca
12 Jana Road
Salem, NH  03079-2261

Busby Construction Inc.
9 Pond Lane
Atkinson, NH  03811-2561

Clearwater Drilling
PO Box 122
Rollinsforth, NH  03869-0122

Diom LLC
Attn:  Mr. Steve Collins
5 Tsienneto Road, Suite 78
Derry, NH  03038-1573

Ms. Dorothy Sajous
290 South Main Street
Andover, MA  01810-4923

Ms. Dorothy Sajous
c/o Leon Aronson
687 Highland Ave.
Needham, MA 02494
Tel: 617-201-4442

Eastern Propane
P.O. Box 1800
Rochester, NH  03866

Mr. Ed Gacek
PO Box 862
Pelham, NH  03076-0863

Mr. Frank Carozza
3165 Bel Air Drive
Las Vegas, NV  89109-1590

Frank DeLucia & Son, Inc.
386 Merrimack Street
Methuen, MA  01844-5802

Gene DeLucia
Gene DeLucia Consulting
518 Harbor Drive North
Indian Rock Beach, FL  33785-3117

Gradient Corp.
20 University Road
Cambridge, MA  02138-5756

JGI Eastern Inc.
77 Sundial Avenue, Suite 401W
Manchester, NH  03103-7230

Mr. Jihad Moussa
2 Haroun Street
Methuen, MA  01844-1254

Mr. Joseph Fitzgibbons
126A Pleasant Valley Street
Methuen, MA  01844-7285

Ms. Kathy McLaughlin
16 Hobbs Road
Pelham, NH  03076-2712

Mr. Keith Guilmet
5 Megan Circle
Salem, NH  03079-2476

Ms. Laura DeLucia
9 Woodland Street
Plaistow, NH  03865-2625

Mr. Marco Rotondo
8 Mohawk Street
Hampton, NH  03842-1530

Mr. Mike Alberta
17 Cheever Avenue
Saugus, MA  01906-4186

MyKrowaters, Inc.
P.O. Box 1088
Concord, MA  01742-1088

New Hampshire Soils, Inc.
202 Kent Place
Newmarket, NH  03857-1535

Richard and Donna Mignault
9 Farwood Road
Windham, NH  03087-1835

Roswell Commercial Mortgage LLC
P.O. Box 297
Feasterville, PA  19053

Brett & Stephanie Gillespie
175 Old Turnpike Road
Nottingham, NH 03290

Town of Barrington
Attn:  Tax Collector
41 Province Lane
Barrington, NH  03825-3947

Town of Nottingham
Attn: Town Administrator
139 State Road
Nottingham, NH  03290-0114

United Rentals, Inc.
4 Rebel Road
Hudson, NH  03051-3025

Verizon
P.O. Box 4861
Trenton, NJ  08650-4861

W.C. Cammett Engineering
297 Elm Street
Amesbury, MA  01913

William and Cynthia Gianopoulos
579 Mount Vernon Street
Lawrence, Massachusetts 01843
**Email**: cindiandbill@verizon.net;
cindi@familypoolsonline.com

## Debtor and Related Entities:

USA Springs, Inc. (Delaware Corporation)
USA Springs, Inc. (New Hampshire
Corporation)
Garrison Place Real Estate Investment Trust
Just Cause Realty Trust
Sweet Review Realty Trust
c/o Mr. Francesco Rotondo
155 Old Turnpike Road
Nottingham, NH 03290-6002
*Email*: usasprings@comcast.net]


Amici Real Estate Trust
c/o Ralph Faiella, Jr., Trustee
128 Newton Road, Unit 38
Plaistow, NH 03865
**Email**: eagle285@aol.com

## Others:

Hyatt & Flynn, PLLC
Armand M. Hyatt, Esq.
110 Main Street
Salem, NH 03079
*Email*: metaterrain@comcast.net;
ahyatt@lcworks.org

CRG Partners Group LLC
2 Atlantic Avenue
Boston, MA 02110
Attn.: Eric A.W. Danner
**Email**: Eric.danner@crgpartners.com
(financial advisor for the Debtor)

Tony F. Soltani Esq.
The Munilaw Group
P O Box 300
Ronald W. Reagan Plaza
Epsom, New Hampshire 03234
Email: tsoltani@soltanilaw.com

George R. Tombarello
63 Providence Hill Road
Atkinson, NH 03811

Mr. Joseph Degan
Real Property Service
P.O. Box 547
North Andover, MA 01845
**Email**: rpskc@comcast.net

Christian Bistany
**Email**: Cindi.familypools@verison.net
(on behalf of Christian Bistany)

Rocci Delucia
386 Merrimack Street
Methuen, MA 01844
**Email**: deluciaconstruction@netzero.com

---------------------------------------------------
Bernstein, Shur, Sawyer & Nelson, P.A.--
**ECF**
Michael A. Fagone, Esq.
Robert J. Keach, Esq.
Jennifer Rood, Esq.
100 Middle St.
P.O. Box 9729
Portland, ME 04104
mfagone@bernsteinshur.com
rkeach@bernsteinshur.com
jrodd@bernsteinshur.com
(counsel for the creditors' committee)

Bruce A. Harwood, Esq.- **ECF**
Sheehan, Phinney, Bass + Green, PA
1000 Elm Street
P.O. Box 3701
Manchester, NH 03105
bharwood@sheehan.com;
nhbankruptcycourt@sheehan.com

Environmental Protection Bureau
Peter C.L. Roth, Esq.-- **ECF**
33 Capitol Street
Concord, NH 03301
Peter.roth@doj.nh.gov
(counsel for State of New Hampshire)

Harman Law Offices-- **ECF**
Terrie Harman, Esq.
59 Deer Street, Suite 1B
Portsmouth, NH 03801-3765
(Official Committee of Unsecured Creditors)

McCaffrey P.A.-- **ECF**
Brian F. McCaffrey, Esq.
Merrill Block, 163 Water Street
PO Box 616
Exeter, NH 03833-0616
Bmcaffrey@mccaffreypa.com

Munroe & Chew-- **ECF**
Earl D. Munroe, Esq.
5 Broadway
Saugus, MA 01906-1057
emunroe@munroelaw.com

Office of the U.S. Trustee-- **ECF**
1000 Elm Street, Suite 605
Manchester, NH 03101-1703
Geraldine.l.karonis@usdoj.gov

Timothy P. Smith, Esq.-- **ECF**
67 Middle Street
Manchester, NH 03101-1905
(Chapter 7 trustee- *Terminated*)

## **Notices of Appearance:**

Bolton Law Offices-- **ECF**
Steve A. Bolton, Esq.
127 Main Street
Suite 2
Nashua, NH 03060
sbolton@boltonlaw.mv.com
(counsel for Aho Construction, Inc.)

Ford & Weaver, PA-- **ECF**
Edmond J. Ford, Esq.
Christopher J. Somma, Esq.
10 Pleasant Street
Suite 400
Portsmouth, NH 03801
eford@fordandweaver.com
csomma@fordandweaver.com
(counsel for Roswell Commercial Mortgage, LLC)

Thomas J. Raftery, Esq.—**ECF**
P.O. Box 550
Carlisle, MA 01741
(counsel for Chapter 7 trustee- *Terminated*)

Upton & Hatfield, LLP-- **ECF**
James F. Raymond Esq.
John F. Teague, Esq.
10 Centre Street
P.O. Box 1090
Concord, NH 03302
jraymond@upton-hatfield.com
(counsel for Town of Nottingham)

## Interested Parties:

Lower Falls Funding, LLC
2310 Washington Street
Newton Lower Falls, MA 02462
**Email** : mazzeoda@gmail.com

Robert A. Bosman, Esq.
Bosman & Associates, PLLC
One Executive Centre Drive
Albany, NY 12203
**Email**: rabosman@bosmanassociates.com

Robert L. Devin, Esq.
Devin, Barry & Austin, P.C.
80 Washington Street
Building S
Norwell, MA 02061
**Email**: rdevin@devin-barry.com
(Counsel to Bet-J)

Malom Group AG
Seestrasse 185
CH-8800 Thalwil-Zurich, Switzerland
Hans-Jurg Lips
*Email*: hjl@malomgroup.com
Tony Brandel
*Email*: tony@mycilv.com
Joseph Micelli
*Email* : josephmicelli@aol.com

Allen R. Smith, Esq.
324 4th Street NW
Winter Haven, FL 33881
*Email*: allenrsmith_pa@yahoo.com

1305851.2