UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: <br><br> USA SPRINGS, INC., <br><br> Debtor.[1] | Case No. 08-11816 (JMD) <br><br> Chapter 11 |

Hearing Date: [August 25, 2011]
Hearing Time: [9:00 a.m.]

## DEBTOR'S MOTION FOR ORDER AUTHORIZING THE DEBTOR TO ENTER INTO AND APPROVING THE TERMS OF CERTAIN AGREEMENT REGARDING (I) EFFECTIVE DATE OF FIFTH AMENDED PLAN, AND (II) BRIDGE LOAN FROM MALOM PRIOR TO CLOSING OF STRUCTURED NOTE TRANSACTION

### [Emergency Determination Requested]

USA Springs, Inc., a Delaware corporation, as a debtor and debtor-in-possession (the "Debtor"), respectfully submits this motion (the "Motion") seeking an order authorizing the Debtor to enter into and approving the terms of certain Agreement Regarding (I) Effective Date of Fifth Amended Plan, and (II) Bridge Loan From Malom Prior to Closing of Structured Note Transaction, dated on or about August 24, 2011 (the "Bridge Loan Stipulation").[2] Such approval shall be in the order (the "Confirmation Order") confirming the Fifth Amended Plan of USA Springs, Inc. and Related Entities Under Chapter 11 of the Bankruptcy Code, dated July 15, 2011 (the "Plan"). A copy of the Bridge Loan Stipulation, by and among the Debtor, the Related Entities, Malom Group AG, a Switzerland corporation ("Malom"), and Roswell Commercial Mortgage, LLC is attached to this Motion as Exhibit A. **The plan confirmation hearing in this case is currently scheduled for Thursday, August 25, 2011. The Debtor hereby requests**

---

[1] The Debtor related entities are: USA Springs, Inc., a New Hampshire corporation; Garrison Place Real Estate Investment Trust; Just Cause Realty Trust; and Sweet Review Realty Trust.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Bridge Loan Stipulation.

**that the Court hear this Motion on the same day**. In support of this Motion, the Debtor states as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for relief requested herein are sections 105, 363, and 364 of Title 11 of the United States Code (the "Bankruptcy Code"); and Rules 2002, 4001, 6004, 9007, and 9013, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## The Fifth Amended Plan and the Malom Transaction

4. The Debtor and Malom reached an agreement in connection with a transaction involving funding of a certain US $60 Million debt offering, to be made in the form of structured note(s) (the "Structured Note"), that is to be underwritten and thereafter privately placed to subscribers by Malom (the " Malom Transaction").

5. In order for Malom to underwrite, credit enhance and securitize the Structured Note, cause the Structured Note to be listed on a Western European exchange, and privately place the Structured Note to subscribers with whom it enjoys pre-existing relationships, it was necessary for a third party to invest and deposit US $1,200,000.00 (the "Deposit") to be used for certain remaining costs necessary for Malom to complete the Malom Transaction. The Deposit has been released to Malom.

6. The Debtor and Malom, among others, have entered into the following transaction documents before filing of the Plan (collectively, the "Commitment Documents"): (i) investor agreement, dated as of June 18, 2011, with respect to the Deposit, (ii) funding commitment, dated as of June 20, 2011 (the "Funding Commitment"), (iii) guarantee on

underwriting fee, dated as of June 20, 2011, (iv) related joint escrow instructions, and (v) certain other ancillary documents. Pursuant to an order dated July 5, 2011, the Court approved the Commitment Documents.

7.  Pursuant to the Funding Commitment and related documents, the Debtor is authorized to use $16,600,000.00 (the "<u>Plan Funding</u>") of the $60 Million aggregate funding from the Structured Note offering for payment of certain claims of creditors in connection with the Plan. The net proceeds from the Malom Transaction (after the Plan Funding, the payment of the Deposit Claim (as defined in the Plan), and the payment of applicable fees and other amounts due Malom), shall be used to complete the construction of the USA Springs Project (as defined in the Plan) and to fund the business operations.

8.  In connection with the Commitment Documents, the Debtor filed its Plan on July 15, 2011. Under the Commitment Documents, the closing of the Malom Transaction is expected to occur by October 31, 2011.

9.  After filing of the Plan, the Debtor and Malom, among others, determined that the business affairs of the Reorganized Debtor would be materially enhanced by expediting the Effective Date of the Plan. Accordingly, they have agreed to modify the terms of the Funding Commitment with the Bridge Loan. Pursuant to the Bridge Loan Stipulation, the Effective Date of the Plan would be on or before October 3, 2011 and would occur prior to the anticipated close of the Malom Transaction.

**Relief Requested**

10. By this Motion, the Debtor seeks entry of an order, which shall be in the Confirmation Order, authorizing the Debtor to enter into and approving the terms of the Bridge Loan Stipulation, pursuant to which Malom has agreed to advance to or for the benefit of the Debtor (i) on or before October 3, 2011, the Plan Funding amount, and (ii) in Malom's sole

discretion, such other funds thereafter for certain operating expenses before closing of the Malom Transaction (collectively, the "Bridge Loan").

11. Pursuant to the Bridge Loan Stipulation, Malom shall be granted a first lien on all tangible and intangible assets of the Reorganized Debtor, including, but not limited to, all contract and permit rights, but exclusive of the Plan Funding, free and clear of all mortgages, liens, claims and encumbrances; *provided, however,* that the security interest of any of the Debtor's secured creditors who are entitled to payment from the Plan Funding under the Plan shall attach to the Plan Funding, as and to the extent applicable.

12. The Bridge Loan is simply to facilitate the occurrence of the Effective Date of the Plan on or before October 3, 2011. Upon Malom's funding of the Plan Funding, subject essentially to entry of the Confirmation Order, the Effective Date under the Plan shall occur.

13. The Bridge Loan Stipulation should be approved because consummation of the Bridge Loan will allow the Debtor to emerge from this Chapter 11 case while maximizing value to the various economic constituencies in this case and at the same time to allow the Debtor to finish construction of its facility and re-commence operation of its business. Other than Deferred Creditors (as defined in the Plan), all allowed claims will be paid from the Plan Funding pursuant to the Plan. In fact, as a result of the Bridge Loan, the Effective Date of the Plan is expected to occur by October 3, 2011 (as opposed to October 31, 2011) and distributions to creditors entitled to payment under the Plan would be made earlier than originally contemplated.

14. The Debtor has determined that the best way to maximize the value of the Debtor's estate, the best way to ensure a timely emergence from bankruptcy protection, and the best chance to meet certain deadlines related to third party purchase agreement(s) is to pursue the Bridge Loan pursuant to the Bridge Loan Stipulation.

15. The terms and conditions of the Bridge Loan Stipulation are fair and reasonable, and were negotiated in good faith and at arms' length.

WHEREFORE the Debtor respectfully requests the entry of an order, to be incorporated in the anticipated order confirming the Plan, granting the relief requested herein and such other and further relief as is just.

Respectfully submitted,

USA SPRINGS, INC.

By its counsel

 /s/Alan L. Braunstein
Alan L. Braunstein (BNH 01544)
RIEMER & BRAUNSTEIN LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000
abraunstein@riemerlaw.com

Dated: August 25, 2011

# EXHIBIT A

# Bridge Loan Stipulation

# AGREEMENT REGARDING (I) EFFECTIVE DATE OF FIFTH AMENDED PLAN, AND (II) BRIDGE LOAN FROM MALOM PRIOR TO CLOSING OF STRUCTURED NOTE TRANSACTION

THIS AGREEMENT (this "Agreement"), dated as of August 25, 2011, is with respect to the Fifth Amended Plan of USA Springs, Inc. and Related Entities Under Chapter 11 of the Bankruptcy Code, dated July 15, 2011 (the "Plan"), and is by and among:

(i) USA Springs Inc., a Delaware corporation, as a debtor and debtor-in-possession (the "Debtor");

(ii) The Related Entities;

(iii) Malom Group AG, a Switzerland corporation, with a principal place of business located at Seestrass 185, CH 8800 Thaluil, Zurich Switzerland ("Malom"); and

(iv) Roswell Commercial Mortgage, LLC

**Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Plan.**

WHEREAS, the Debtor has entered into a transaction or series of transactions with Malom with respect to funding of a certain US$60 Million debt offering to be made by the Debtor or Reorganized Debtor in the form of a structured note (the "Note") that is to be underwritten and thereafter privately placed to subscribers by Malom (the "Transaction");

WHEREAS, in connection with the Transaction, Malom and the Debtor, among others, have entered into certain initial agreements, including (i) Malom's Funding Commitment, dated as of June 20, 2011, and (ii) the Investor Agreement, dated as of June 18, 2011 (together, the "Commitment Documents");

WHEREAS, pursuant to the Commitment Documents the Debtor has filed its Plan with the Bankruptcy Court and under both the Commitment Documents and the Plan closing of the Transaction for the full $60 Million is expected on or about October 31, 2011;

WHEREAS, to facilitate the occurrence of the effective date of the Plan on October 3, 2011, Malom has agreed to advance to or for the benefit of the Debtor (i) on or before October 3, 2011, $16,600,000.00 to be used as the plan funding amount (the "Plan Funding"), and (ii) in Malom's sole discretion, such other funds for certain operating expenses before closing of the Transaction (collectively, the "Bridge Loan"), and upon Malom's funding of the Plan Funding, the Effective Date under the Plan shall occur; and

WHEREAS, the parties wish to enter into this Agreement in order to document the terms and conditions of the Bridge Loan and for the Plan to become effective on or before October 3, 2011.

NOW, THEREFORE, in consideration of the mutual covenants, agreements and provisions contained herein, the parties agree as follows:

1. **The Bridge Loan**

   a) Subject entry of the Confirmation Order (defined below) and the satisfaction of the closing conditions set forth in Section 1(e) hereof, Malom shall provide the Bridge Loan to the Debtor.

   b) At the August 25, 2011 hearing on confirmation of the Plan (the "Confirmation Hearing"), the Debtor shall seek entry of an order of the Bankruptcy Court confirming the Plan (the "Confirmation Order"), which Confirmation Order shall (i) approve this Agreement, (ii) authorize the Bridge Loan, and (iii) in connection therewith grant Malom a first lien on all tangible and intangible assets of the Reorganized Debtor, including, but not limited to, all contract and permit rights, but exclusive of the Plan Funding (the "Assets") free and clear of all mortgages, liens, claims and encumbrances; *provided, however, that* the security interest of any of the Debtor's secured creditors who are entitled to payment from the Plan Funding under the Plan shall attach to the Plan Funding, as and to the extent applicable. The Assets, at the time of the Bridge Loan, shall not be subject to any other liens, claims, encumbrances and other interests. For the avoidance of doubt, the Assets that are the subject to Malom's lien do not include the Plan Funding.

   c) At the Confirmation Hearing, Malom's US representative Joseph Michelli, shall provide evidence reasonably satisfactory to the Debtor, Roswell and the Committee, that as of August 24, 2011 Malom currently maintains an account at an international bank with a balance of no less than $16.6 million, and that $16.6 million shall be made available to counsel to the Debtor, Riemer & Braunstein, on or before October 3, 2011, upon the satisfaction of the closing conditions set forth herein Section 1(e) hereof.

   d) Malom and the Debtor shall execute a promissory note, mortgage(s), UCC-1 financing statement, and any other loan agreements reasonably required by Malom for the Bridge Loan (the "Loan Documents") as soon after entry of the Confirmation Order as possible. The Loan Documents shall contain the following terms and conditions:

   i. The lien to Malom shall secure the full Bridge Loan amount, as it may change from time to time.

   ii. The Bridge Loan shall not bear interest.

   iii. The Bridge Loan shall be repaid from the proceeds of the Transaction, upon its timely closing.

   iv. In the event the Transaction is not timely consummated the Bridge Loan shall be converted to a fully amortized thirty (30) year mortgage at commercially reasonable market rates, and shall be subordinate to any mortgages or liens of

> construction lenders and/or equipment suppliers necessary for the Reorganized Debtor to proceed with the construction of the facility.

> v. The Bridge Loan shall be a non-recourse loan, and, accordingly, in the event of default by the Debtor under the Loan Documents, Malom's rights and remedies shall be limited to its lien on the Assets.

e) The Closing of the Bridge Loan transaction shall occur on the Effective Date and only after compliance with the conditions set forth in Article X.A.(1),(2) and (3) of the Plan. On such closing date, Malom shall cause the $16,600,000.00 Plan Funding to be transferred to Riemer & Braunstein LLP, by wire transfer, to be deposited in the Escrow Account as set forth in the Plan and to be subject to distribution as set forth in Section 2(b) below.

2. **Effective Date of the Plan**

a) Upon payment of the Plan Funding as provided in this Agreement, the Effective Date of the Plan shall be deemed to have occurred. All parties to this Agreement, including Malom, hereby consent to the Plan becoming effective, as otherwise defined therein and provided herein, on or before October 3, 2011, before satisfaction of the terms and conditions set forth in Article X.A.(4), (5), and (6) of the Plan.

b) The Plan Funding shall be held in the Escrow Account to be distributed by Riemer & Braunstein LLP to creditors entitled to payment therefrom under the Plan solely in accordance with the provisions of the Plan and the Confirmation Order.

c) Subject to Article XIII.G of the Plan, if the Plan does not become effective, as contemplated herein, on or before October 3, 2011, nothing herein shall be deemed to be a waiver of the Debtor's rights as to any longer period under the Plan for the Effective Date (as defined in the Plan) to occur.

d) All fees and expenses incurred by the Reorganized Debtor for Professionals rendering services after the Effective Date may be paid by Riemer & Braunstein LLP on behalf of the Debtor from the Plan Funding net of payments to all parties entitled thereto under the Plan, should any such balance exist, and/or additional recoveries as set forth in Article III.D of the Plan.

e) Subject at all times to the Confirmation Order, if any inconsistency exists between this Agreement, the Plan and related documents, the Commitment Documents, and the Loan Documents, the terms of this Agreement shall control. Except as otherwise provided herein and in the Confirmation Order, the rights and obligations of all parties under the Plan shall not be affected.

3

3. **Deferred Creditors.** For the avoidance of doubt, all consents executed by the Deferred Creditors shall remain effective in the event the Transaction is not consummated (or the Note offering is not fully subscribed) by the Effective Date. The Debtor represents that the Deferred Creditors have waived any right to the Plan Funding, except to the extent of any payment due to such Deferred Creditors under the Plan, in the event the Transaction is not consummated and only then in all events subject to prior payment to the creditors entitled to distributions and payments therefrom under the Plan.

4. **Investor.** The Investor consents that closing of the Bridge Loan for purposes of the Effective Date shall not require payment of the Deposit Claim if the Transaction is not consummated by such Effective Date. Without limiting the generality of Section 6 below, except as otherwise provided herein all rights of the Investor with respect to the Deposit Claim shall not be affected by this Agreement.

5. **Malom.** Malom consents that closing of the Bridge Loan for purposes of the Effective Date shall not require payment of any fees and expenses that may be due under the Commitment Documents if the Transaction is not consummated by such Effective Date.

6. **Modification of Malom Funding Commitment.** The Commitment Documents shall be deemed modified by this Agreement, as applicable. Except as otherwise provided herein, all rights and obligations of all parties under the Commitment Documents shall not be affected by this Agreement.

7. **Governing Law; Venue:** This Agreement shall be governed by the internal domestic laws of the State of New Hampshire, without regard to its conflict of laws provisions. The Bankruptcy Court shall have exclusive jurisdiction with respect to any dispute, claim or action related to this Agreement and the Bridge Loan and the parties hereto consent to the jurisdiction and venue of the Bankruptcy Court.

8. **Third Party Beneficiaries:** Roswell shall be, and is intended to be a third party beneficiary of the obligations of Malom to lend under the Bridge Loan as described therein. Malom consents to the jurisdiction of any state or federal court located in the state of New Hampshire. Malom hereby appoints and nominates the Secretary of State of New Hampshire and Allen Smith, at 324 4th Street NW, Winter Haven Fl 33881 as its agent for service of process, and consents that said service may be made in accordance with the provision of NH RSA 510:4 and without any requirement that service be made in accordance with the Hague Convention, to the extent applicable.

9. **Reviewed by Attorneys:** Each party represents and warrants to each other that he/she (a) understands fully the terms of this Agreement and and the consequences of the execution and delivery of this Agreement, (b) has been afforded an opportunity to have this Agreement reviewed by, and to discuss this Agreement and any other document to be executed in connection herewith with, such attorneys and other persons as such party may wish, and (c) has entered into this Agreement of his/her own free will and without threat, duress or other

coercion of any kind by any person.

10. **Miscellaneous:**

a) This Agreement sets forth the entire agreement and understanding among the parties hereto respecting its subject matter and supersedes any and all prior and contemporaneous agreements, understandings and communications, written and oral, respecting such subject matter.

b) This Agreement may not be modified except by the written agreement of the Debtor and all affected parties affected thereby.

c) This Agreement may be executed in multiple counterparts which, taken together, shall constitute a single instrument.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

USA SPRINGS, INC.,
as debtor and debtor-in-possession
On behalf of itself and the Related Entities

By: _____
    Francesco Rotondo, President

MALOM GROUP AG

By: _____
    Hans-Jurg Lips, Chairman

ROSWELL COMMERCIAL MORTGAGE, LLC
By its Counsel

_____
By: Edmond Ford
FORD & WEAVER, PA
10 Pleasant Street – Suite 400
Portsmouth, NH 03801

No Objection:
OFFICIAL COMMITTEE OF UNSECURED CREDITORS

_____
By its Counsel
Michael A. Fagone
BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

6

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

USA SPRINGS, INC.,
as debtor and debtor-in-possession
On behalf of itself and the Related Entities

By: _____
Francesco Rotondo, President


MALOM GROUP AG

By: _____
Hans-Jurg Lips, Chairman


ROSWELL COMMERCIAL MORTGAGE, LLC
By its Counsel

_____
By: Edmond Ford
FORD & WEAVER, PA
10 Pleasant Street – Suite 400
Portsmouth, NH 03801


No Objection:
OFFICIAL COMMITTEE OF UNSECURED CREDITORS


_____
By its Counsel
Michael A. Fagone
BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| In re: | Case No. 08-11816 (JMD) |
|---|---|
| USA SPRINGS, INC. | |
| Debtor. | Chapter 11 |

## CERTIFICATE OF SERVICE

I, Alan Braunstein, of the law firm of Riemer & Braunstein LLP, hereby certify that I have caused a copy of the *Debtor's Motion for Order Authorizing the Debtor to Enter Into and Approving the Terms of Certain Agreement Regarding (I) Effective Date of Fifth Amended Plan, and (II) Bridge Loan From Malom Prior to Closing of Structured Note Transaction* to be served by Email or electronic notification (ECF), as indicated, upon the parties listed on the service list attached hereto and any other party receiving electronic notification in the case.

>  /s/ Alan L. Braunstein
> Alan L. Braunstein (BNH 01544)
> RIEMER & BRAUNSTEIN LLP
> Three Center Plaza
> Boston, Massachusetts 02108
> (617) 523-9000
> abraunstein@riemerlaw.com

Dated: August 25, 2011

USA Springs, Inc. (Delaware Corporation)
USA Springs, Inc. (New Hampshire Corporation)
Garrison Place Real Estate Investment Trust
Just Cause Realty Trust
Sweet Review Realty Trust
c/o Mr. Francesco Rotondo
155 Old Turnpike Road
Nottingham, NH  03290-6002
*Email*: usasprings@comcast.net]

CRG Partners Group LLC
2 Atlantic Avenue
Boston, MA  02110
Attn.:  Eric A.W. Danner
**Email**: Eric.danner@crgpartners.com
(financial advisor for the Debtor)

Rocci Delucia
386 Merrimack Street
Methuen, MA 01844
**Email**: deluciaconstruction@netzero.com

Joseph Micelli
*(by Email)*


-------------------------------------------------
Bernstein, Shur, Sawyer
  & Nelson, P.A.-- **ECF**
Michael A. Fagone, Esq.
Robert J. Keach, Esq.
Jennifer Rood, Esq.
100 Middle St.
P.O. Box 9729
Portland, ME 04104
mfagone@bernsteinshur.com
rkeach@bernsteinshur.com
jrodd@bernsteinshur.com
(counsel for the creditors' committee)

Bruce A. Harwood, Esq.- **ECF**
Sheehan, Phinney, Bass + Green, PA
1000 Elm Street
P.O. Box 3701
Manchester, NH 03105
bharwood@sheehan.com;
nhbankruptcycourt@sheehan.com

Environmental Protection Bureau
Peter C.L. Roth, Esq.-- **ECF**
33 Capitol Street
Concord, NH 03301
Peter.roth@doj.nh.gov
(counsel for State of New Hampshire)

Harman Law Offices-- **ECF**
Terrie Harman, Esq.
59 Deer Street, Suite 1B
Portsmouth, NH 03801-3765
(Official Committee of Unsecured Creditors)

McCaffrey P.A.-- **ECF**
Brian F. McCaffrey, Esq.
Merrill Block, 163 Water Street
PO Box 616
Exeter, NH 03833-0616
Bmcaffrey@mccaffreypa.com

Munroe & Chew-- **ECF**
Earl D. Munroe, Esq.
5 Broadway
Saugus, MA 01906-1057
emunroe@munroelaw.com

Office of the U.S. Trustee-- **ECF**
1000 Elm Street, Suite 605
Manchester, NH 03101-1703
Geraldine.l.karonis@usdoj.gov

Timothy P. Smith, Esq.-- **ECF**
67 Middle Street
Manchester, NH 03101-1905
(Chapter 7 trustee- *Terminated*)

## Notices of Appearance:

Bolton Law Offices-- **ECF**
Steve A. Bolton, Esq.
127 Main Street
Suite 2
Nashua, NH 03060
sbolton@boltonlaw.mv.com
(counsel for Aho Construction, Inc.)

Ford & Weaver, PA-- **ECF**
Edmond J. Ford, Esq.
Christopher J. Somma, Esq.
10 Pleasant Street
Suite 400
Portsmouth, NH 03801
eford@fordandweaver.com
csomma@fordandweaver.com
(counsel for Roswell Commercial Mortgage, LLC)

Thomas J. Raftery, Esq.—**ECF**
P.O. Box 550
Carlisle, MA 01741
(counsel for Chapter 7 trustee- *Terminated*)

Upton & Hatfield, LLP-- **ECF**
James F. Raymond Esq.
John F. Teague, Esq.
10 Centre Street
P.O. Box 1090
Concord, NH 03302
jraymond@upton-hatfield.com
(counsel for Town of Nottingham)

1365899.5